[No. 20942.	Department One.	December 6, 1927.]

THE CITY OF YAKIMA, *Respondent*, v. H. J. SNIVELY *et al., Appellants*,
GUARANTY TRUST COMPANY, *Defendant*, ANNA MCNEILL
ZEDIKER, *Intervener*.[1]

Appeal from a judgment of the superior court for Yakima county,
Nichoson, J., entered March 19, 1927, in favor of the defendants, in
an action to foreclose a special assessment. Affirmed.

*Snively & Bounds*, for appellants.
*Dolph Barnett*, for respondent.
*Harcourt M. Taylor*, for intervener.

MITCHELL, J.—This action involves the foreclosure of a lien on
lands belonging to H. J. Snively and wife for special assessments
on account of street improvements in the city of Yakima. On a
former appeal it was decided, as follows:

"Instead of reassessing, the city may, at its option, to avoid
further litigation and expense, within thirty days after the filing
in the lower court of the remittitur herein, accept the sum of $3,-
737.91 originally assessed as the entire proportion of the total cost
of the improvement abutting the lands of appellants, with interest
as provided in the ordinance of seven per cent per annum from
February 25, 1918, the date of the reassessment, giving written no-
tice thereof to appellants, but without any penalties, unless appel-
lants fail to pay the assessment so ordered within thirty days from
the acceptance of this option by the city, when the penalties pro-
vided by the statute and ordinance may attach." *Yakima v. Snively*,
140 Wash. 328, 248 Pac. 788.

Thereafter, upon the filing of the remittitur in the superior
court, the city gave the written notice suggested and, payment not
having been made, judgment was entered as directed in that opinion.
H. J. Snively and wife have appealed.

On this appeal our attention is called to an earlier statement in
the former decision, viz.:

"The majority of the court, therefore, are persuaded that the de-
fect in the title was cured by the deed of April 30, 1924, and, the
improvement actually benefiting appellants' land, that they are, since
April 30, lawfully and equitably chargeable with the actual cost of
the improvement and interest on the moneys actually expended
therefor,"

which is said to be the true and controlling feature of that decision
and that the statement that the city might, at its option, accept an
amount that was specified, as hereinbefore quoted, was an inadver-
tence on our part. This is the only point made by the appellants
on this appeal.

[1]Reported in 261 Pac. 1117.

The language, now termed to be an inadvertence on our part, seems to be plain and positive. Appellants did not file any petition for a rehearing to clear up or eliminate the so-called inadvertence, or for any other purpose. It is clear, from the former opinion, that appellants' property was impressed with two assessments for the single improvement of two streets because their property abutted upon each of the two streets, and what was said in the paragraph of the opinion, now relied on by appellants, referred to only one of those assessments, it being for the cost of the improvment on that street to which the city did not have title at the date of the improvement. But the decision covered not only that assessment but the other one, and also the question of penalties and interest accruing at times when, in part, the right to make an assessment did not exist for the improvement of one of the streets. It was, with all of these things under consideration, that the court concluded and decided to give the city the option, which it accepted and exercised. There is no inconsistency or conflict in the two paragraphs of the opinion. The trial court so understood it and has entered the proper judgment.

Affirmed.

MACKINTOSH, C. J., FRENCH, PARKER, and TOLMAN, JJ., concur.